ACCEPTED
05-18-00622-cv
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/5/2018 10:08 AM
LISA MATZ
CLERK

## No. 05-18-00622-CV

# In the Fifth District Court of Appeals
# at Dallas, Texas

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
06/05/2018 10:08:46 AM
LISA MATZ
Clerk

**ALLIANCE FAMILY OF COMPANIES and JUSTIN MAGNUSON**
*Defendants / Appellants*

**v.**

**JAMISHA NEVAREZ**
*Plaintiff / Appellee*

Appeal from Cause No. DC-18-01162
192d Judicial District Court, Dallas County, Texas
Hon. Craig Smith, Judge Presiding

## APPELLANTS' FIRST OPPOSED MOTION TO STAY DISCOVERY PENDING APPEAL

GRAY REED & MCGRAW LLP

Michael C. Kelsheimer
Texas Bar No. 24029360
mkelsheimer@grayreed.com
Ruth Ann Daniels
Texas Bar No. 15109200
rdaniels@grayreed.com
Marcus Fettinger
Texas Bar No. 24078500
mfettinger@grayreed.com

Jim Moseley
Texas Bar No. 14569100
jmoseley@grayreed.com
Dylan O. Drummond
Texas Bar No. 24040830
ddrummond@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135 (Telephone)
(214) 953-1332 (Facsimile)

*Counsel for Defendants/Appellants*
*Alliance Family of Companies and Justin Magnuson*

**TO THE HONORABLE DALLAS COURT OF APPEALS:**

Subject to the Court granting Appellants' First Opposed Motion to Extend Time to File Notice of Appeal and the perfection of Appellants' appeal of the trial court's Order Denying Defendants' Motion to Compel Arbitration and to Stay or Dismiss Plaintiff's Claims, Appellants file this First Opposed Motion to Stay Discovery Pending Appeal (the "Opposed Motion"). Appellants respectfully show the Court the following:

This interlocutory appeal is taken from the trial court's Order Denying Defendants' Motion to Compel Arbitration and to Stay or Dismiss Plaintiff's Claims (the "Order") in *JaMisha Nevarez v. Alliance Family of Cos. and Justin Magnuson*, No. DC-18-01162. Pursuant to Tex. R. App. P. 29.3, "the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal."

After Appellants' counsel conferred with Appellee's counsel concerning Appellants' First Opposed Motion to Extend Time to File Notice of Appeal, Appellee served written discovery on Appellants. *See* **Exhibit A**, Affidavit of Michael C. Kelsheimer. Specifically, Appellee

served 85 numbered and two unnumbered requests for production of documents and seven interrogatories on Appellant Alliance Family of Companies, and Appellant served nineteen requests for production of documents and seven interrogatories on Appellant Justin Magnuson. *See id.* Appellee also served requests for disclosure on both Appellants. *See id.*

Thus, if discovery in the trial court is not stayed, within the next 26 days Appellants will be required to undertake the substantial expenditure of time and resources to respond to 120 written discovery requests, respond to requests for disclosure, and produce responsive documents, all while awaiting this Court's determination on its rights to arbitrate the disputes between the parties.

"[T]he main benefits of arbitration lie in expedited and less expensive disposition of a dispute." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). Moreover, the purpose of permitting interlocutory appeals is to increase the efficiency of the judicial process. *Cf. Rusk St. Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012) (noting that

"the main purpose of the interlocutory appeal statute … is to increase efficiency of the judicial process").

The possibility of expending significant time and resources on trial court discovery during the pendency of this appeal to decide Appellants' rights to arbitrate is neither hypothetical nor remote. Responding to the requested discovery would be a significant undertaking in a case that ultimately may be removed to arbitration. It would also run counter to the purpose of arbitration and the interlocutory appeal process and would undercut Appellants' ability to be provided full relief in the event Appellants prevail on appeal. Allowing this case to proceed to discovery would decrease judicial efficiency and increase the cost of disposing of the parties' dispute. It would instead subject the parties to substantial unnecessary expenditures of time and resources, and it would require the trial court to likewise expend its limited time and resources in resolving disputes between the parties.

For the foregoing reasons, Appellants respectfully request that, pursuant to TEX. R. APP. P. 29.3, the Court enter temporary orders

staying discovery in Cause No. DC-18-01162 until the Court decides Appellants' appeal of the trial court's order denying their Motion to Compel Arbitration and to Stay or Dismiss Plaintiff's Claims.

Respectfully submitted,

By: /s/ Jim Moseley

**GRAY REED & MCGRAW LLP**

Michael C. Kelsheimer
Texas Bar No. 24029360
mkelsheimer@grayreed.com

Jim Moseley
Texas Bar No. 14569100
jmoseley@grayreed.com

Ruth Ann Daniels
Texas Bar No. 15109200
rdaniels@grayreed.com

Marcus Fettinger
Texas Bar No. 24078500
mfettinger@grayreed.com

Dylan O. Drummond
Texas Bar No. 24040830
ddrummond@grayreed.com

1601 Elm Street, Suite 4600
Dallas, TX 75201
(214) 954-4135     Telephone
(214) 953-1332     Facsimile

*Counsel for Appellants*
*Alliance Family of Companies and*
*Justin Magnuson*

## CERTIFICATE OF CONFERENCE

I certify that, on May 30, 2018, I conferred with counsel for Appellee JaMisha Nevarez via email correspondence regarding this Opposed Motion, and he stated Appellee is opposed to the relief requested herein.

> _/s/ Michael C. Kelsheimer_
> Michael C. Kelsheimer
> Jim Moseley
> Ruth Ann Daniel
> Marcus Fettinger
> Dylan O. Drummond

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2018, in compliance with Tex. R. App. P. 9.5(d), (e), I electronically filed the foregoing and electronically served it on the following counsel of record:

*Via efiletexas.gov*:

Fears | Nachawati, PLLC
Matthew R. McCarley
John W. Raggio
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711

*Counsel for Appellee JaMisha Nevarez*

/s/ Michael C. Kelsheimer
Michael C. Kelsheimer
Jim Moseley
Ruth Ann Daniel
Marcus Fettinger
Dylan O. Drummond

**EXHIBIT A**

## AFFIDAVIT OF MICHAEL C. KELSHEIMER

STATE OF TEXAS        §
                         §
COUNTY OF DALLAS     §

BEFORE ME, the undersigned authority, on this day personally appeared Michael C. Kelsheimer, who is personally known to me, and who, being first duly sworn, stated as follows:

1. "My name is Michael C. Kelsheimer, I am at least eighteen (18) years of age, I have never been convicted of a felony, and I am competent to testify to the facts contained in this Affidavit. The facts contained in this Affidavit are, to my personal knowledge, true and correct.

2. I am counsel for Appellants Alliance Family of Companies and Justin Magnuson ("Appellants") in this original proceeding.

3. On May 25, 2018, shortly after I counsel conferred with Appellee's counsel concerning Appellants' First Opposed Motion to Extend Time to File Notice of Appeal, Appellee JaMisha Nevarez ("Appellee") served the following on Appellants: (1) Plaintiff's Request for Production to Defendant, Alliance Family of Companies; (2) Plaintiff's Request for Production to Defendant, Justin Magnuson; (3) Plaintiff's First Set of Interrogatories to Defendant Alliance Family of Companies; (4) Plaintiff's First Set of Interrogatories to Defendant Justin Magnuson; (5) Plaintiff's Request for Disclosure to Defendant Alliance Family of Companies; and (6) Plaintiff's Request for Disclosure to Defendant Justin Magnuson. Those documents are attached hereto as Exhibits 1-6, respectively.

4. The foregoing discovery requests include 85 numbered and two unnumbered requests for production and seven interrogatories served on Appellant Alliance Family of Companies and nineteen requests for production and seven interrogatories served on Appellant Justin Magnuson."

Further, Affiant sayeth not.

AFFIDAVIT OF MICHAEL C. KELSHEIMER – Page 1

**EXHIBIT A**

_____
Michael C. Kelsheimer

SWORN TO AND SUBSCRIBED before me by Michael C. Kelsheimer on this 5th day of June 2018, to certify which witness my hand and seal of office.

MONICA FLORES MORENO
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/15/2018
NOTARY ID 1204161-2

Notary Public in and for the
State of Texas

My commission expires: 10/15/18

**AFFIDAVIT OF MICHAEL C. KELSHEIMER** – Page 2

EXHIBIT 1

## CAUSE NO. DC-18-01162

| | | |
|---|---|---|
| JaMisha Nevarez | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | 192nd Judicial District |
| Alliance Family of Companies | § | |
| and Justin Magnuson | § | |
| | § | |
| Defendants. | § | Dallas County, Texas |

### PLAINTIFF'S REQUEST FOR PRODUCTION TO
### DEFENDANT, ALLIANCE FAMILY OF COMPANIES

**TO:  Defendant, Alliance Family of Companies, by and through its attorney of record, Michael Kelsheimer, Gray Reed & McGraw, 1601 Elm Street, Suite 4600, Dallas, Texas 75201.**

Please take notice that request is hereby made by Plaintiff pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant, Alliance Family of Companies, produce or permit the undersigned attorneys to inspect and copy or reproduce the items hereinafter designated on Exhibit "A" attached hereto.

Within 30 days after service of these Requests for Production, you must serve a written response to the undersigned attorneys at 4925 Greenville Avenue, Suite 715, Dallas, Texas 75206, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.  Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the

---

**EXHIBIT 1**

circumstances to do so before obtaining a ruling on the objection.

Respectfully submitted,

s/ MATTHEW R. MCCARLEY
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

John W. Raggio
Texas Bar No. 24041739
jraggio@fnlawfirm.com

**FEARS NACHAWATI, PLLC**
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Tel. (214) 890-0711
Fax (214) 890-0712

ATTORNEYS FOR PLAINTIFF,
JAMISHA NEVAREZ

## CERTIFICATE OF SERVICE

I certify that on May 25, 2018, a true and correct copy of foregoing was sent to the counsel of record via the Texas E-file system.

/s/ *Matthew R. McCarley*
Matthew R. McCarley

EXHIBIT 1

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "Defendant," "you" and "your" shall refer to Alliance Family of Companies, its attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Alliance Family of Companies Operations, Inc., whether authorized to do so or not.

2. "Plaintiff": The terms "Plaintiff" refers to JaMisha Nevarez.

3. "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

4. As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss,

# EXHIBIT 1

consider, or otherwise refer to the subject matter of the particular discovery requested.

5.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

6.      Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time from Plaintiff's hire by your company up to and including the present date.

7.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under the "Definitions" section above is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from the date of Justin Magnuson's application to become employed with Defendant Alliance Family of Companies through the date of production of documents requested herein.

**EXHIBIT 1**

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.      If any employee, manager, supervisor, contractor, or agent employed by or working for you at any time since 2013 was ever accused of committing any assault, sexual assault, or rape, produce each document in your possession, custody, or control which documents, evidences, references, or contains such an accusation.

2.      Produce each report, claim, and notification of alleged sexual harassment, sexual assault, or other sexual misconduct of any sort by Justin Magnuson at any time.

3.      Produce all documentation of any complaints you ever received regarding Justin Magnuson or his conduct.

4.      Produce all documentation of any discipline Justin Magnuson ever received as a result of his conduct.

5.      Produce all business records and other records which document any response you ever made or any action you ever took in response to or as a result of any report, claim, or notification of any alleged sexual harassment, sexual assault, or sexual misconduct by Justin Magnuson at any time.

6.      If you ever investigated any allegation of harassment, assault, or sexual misconduct of any sort by Justin Magnuson, produce all documents which reference any such investigation, or which contain any of the findings of any such investigation.

7.      Produce all statements you ever obtained or received regarding any actual or alleged sexual harassment, sexual assault, assault, rape, or sexual misconduct by Justin Magnuson.

8.      Produce all documents which record, set forth, or otherwise document or evidence any of the steps undertake to investigate Justin Magnuson's background, criminal history, employment history, competency, qualifications, or conduct at any time.

9.      Produce each policy and procedure you have adopted to prevent consensual sexual conduct in the workplace.

10.     Produce each policy and procedure you have adopted to prevent non-consensual sexual conduct in the workplace.

11.     Produce each policy and procedure in effect at any time since 2013 pertaining to sexual activity or conduct between employees and their supervisors.

12.     Produce all business records which reflect any disciplinary action or other action

---

EXHIBIT 1

taken against any person as a result of their violation of your policies or procedures, if any, pertaining to sexual activity or conduct between employees and their supervisors.

13. Produce all documents and records which evidence or reflect any disciplinary action you ever took against any person, from 2013 to the present, based on such person's actual, suspected, or reported violation of any policy or procedure adopted to prevent sexual harassment in the workplace.

14. If you have ever concluded or sponsored any training or instructions for employees or supervisors regarding sexual activity or fraternization among employees or between employees and supervisors, produce all written materials disseminated or utilized in such regard.

15. If you have ever conducted or sponsored any training or instruction for employees or supervisors in response to any reported or suspected sexual misconduct among employees or between employees and supervisors, produce all written materials disseminated or utilized in such regard.

16. Produce all documents and records which evidence or reflect any disciplinary action you ever took against any person, from 2013 to the present, based on such person's actual, suspected, or reported violation of any policy or procedure adopted to prevent sexual harassment, assaults, or rapes.

17. Produce all documents and records, redacted to protect the identity of any third party except Mr. Magnuson, which evidence or reflect any disciplinary action you ever took against any person, from 2013 to the present, based on such person's actual, suspected, or reported violation of any policy or procedure adopted to prevent or discourage consensual sexual conduct in the workplace.

18. Produce all policies, procedures, rules and guidelines in effect at any time since 2013, if any, which would prohibit any employee from engaging in sexual activity on your premises.

19. Produce a true copy of each employee handbook ever provided to Justin Magnuson.

20. Produce true copies of all rules, guidelines, policies, and procedures ever provided to Justin Magnuson, or which he was required to review or acknowledge.

21. Produce a true and correct copy of each employee handbook ever provided to Plaintiff.

22. Produce true copies of all rules, guidelines, policies, and procedures ever provided to Plaintiff, or which she was required to review or acknowledge.

---

EXHIBIT 1

23.     Produce all job descriptions pertaining to any position held by Plaintiff at any time.

24.     Produce the entire personnel file of Defendant, Justin Magnuson.

25.     Produce the entire personnel file of Plaintiff.

26.     Produce the entire personnel file, redacted to protect the identity of the individual, of each employee who has ever accused you or any of your employees of sexual harassment, sexual assault, or rape.

27.     Produce each photograph, video recording, and other depiction or recording which depicts or shows Plaintiff and Defendant Justin Magnuson together or in the same vicinity.

28.     Produce all photographic representations including motion pictures, videotapes, and still photographs that relate to or concern any issue in this case, including, without limitations, the parties or the premises in question.

29.     Produce all incident reports arising out of the allegations or occurrences made the basis of this suit.

30.     Produce all insurance agreements or policies and all indemnity agreements under which any person or entity may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy the judgment.

31.     Produce each reservation of rights letter of other document sent to you by any insurer which addresses whether or not, or under what circumstances, or to what extent, a person or entity may or may not be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy the judgment.

32.     Produce all records produced to or received from any governmental entity or agency in connection with the claims made in this lawsuit or the underlying facts or allegations.

33.     Produce all correspondence, communications, reports and notifications made by you or on your behalf to any governmental or public official, office, agency, department, or authority concerning Plaintiff or the alleged incidents in question.

34.     Produce all documents, correspondence, communications, reports, and notifications received by you or on your behalf from any governmental or public official, office, agency, department, or authority concerning Plaintiff or the alleged incidents in question.

# EXHIBIT 1

35.     Produce all investigative reports and materials reviewed, generated, or prepared in the course of investigating the alleged incident forming the basis of this lawsuit in the ordinary course of business.

36.     Produce all documents by which any governmental entity or authority was ever notified or advised of any aspect of the alleged incidents in question, upon which this suit is based.

37.     Produce all documents and materials received from any governmental entity or authority which discuss, reference, or pertain to the alleged incidents giving rise to this lawsuit.

38.     Produce all documents and records which constitute, document, refer to, or memorialize any contact or communication you or anyone working on your behalf has had with any of Plaintiff's health care providers at any time.

39.     Produce all insurance claim forms which relate to the alleged incidents in question or any damages or injuries which may have resulted therefrom.

40.     Produce all correspondence with any insurance company which related to the alleged incident in question or any damages or injuries which may have resulted therefrom.

41.     Produce the most current CV, for every consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert, as referenced in Tex.R.Civ.P. 192.3(e).

42.     Produce all written reports, opinions, and other items prepared or reviewed by any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert, as referenced in Tex.R.Civ.P. 192.3(e).

43.     If you contend that any of the incidents or injuries in question were caused, in whole or in part, by any person or entity other than you, then produce any documents and things which you contend evidence or indicate that such is the case.

44.     If you contend that any of the injuries or damages alleged by Plaintiff in this lawsuit were caused, contributed to, or aggravated, in whole or in part, by any pre-existing or subsequently occurring conditions, event, or conduct, then produce any documents and things which you contend evidence or indicate that such is the case.

45.     If (without regard to issues of fault, causation, or liability) you deny that Plaintiff has sustained any of the injuries or damages she claims to have sustained; or if you dispute the amount of any damages alleged or sought by Plaintiff in this case, then produce the documents and things, if any, which you contend support such contentions.

# EXHIBIT 1

46.     If any investigation was ever conducted into the circumstances forming the basis of Plaintiff's claims herein, then produce the documents and things reviewed, considered, or prepared in the course of such investigation or reporting or setting forth the results.

47.     If you contend that any testimony, statement or information given, made or provided by Plaintiff herein at any time was false, incomplete, misleading, or erroneous, then produce any documents and things which you contend evidence or indicate that such is the case.

48.     Produce the records which document any discipline, censure, admonishment, training, re-training, evaluation, test, counseling, interview, or investigation which occurred in connection with or as a result of the incidents in question.

49.     Produce all documentation which exists of every occasion within the past ten (10) years wherein it was alleged that one of your employees or agents committed sexual assault or rape.

50.     Produce all memos, letters, e-mails, correspondences and other notifications sent, distributed, or made available to any of your employees regarding the incidents in questions, the claims made herein, or this lawsuit including without limit any instructions as to how to deal with the press or others seeking comments or information in such regard.

51.     Produce all materials provided to Plaintiff which you contend are confidential or proprietary which would obligate Plaintiff to a non-disclosure or non-compete agreement.

Produce all written material provided by you to Plaintiff in connection with her employment.

52.     Produce all of Plaintiff's payroll records.

53.     If you contend that you should not be held vicariously or directly liable as a result of the conduct of Justin Magnuson (in the event it is determined that his conduct was a proximate cause of Plaintiff's damages) then produce any documents and things which you contend evidence or indicate that vicarious or direct liability does not apply.

54.     Produce all documents which support your contentions regarding Plaintiff's damages in this case, including, without limit, any documents forming the basis or utilized in the calculation of any assertion you hold as to damages or the amount thereof.

55.     If any other claim or allegation (formal or informal, resulting in litigation or not) has ever been made that you or your employees, agents, or contractors, contributed to cause, or were otherwise responsible for, sexual harassment, sexual assault, or rape, then produce all notice letters, petitions, complaints, and other documents which contain or comprise any such claim or allegation.

56.     Produce each document and item in your possession; custody, or control which indicates that a party or potential witness in this case has ever arrested or convicted of a crime.

## EXHIBIT 1

57.     Produce all criminal history records you ever obtained regarding Justin Magnuson.

58.     Produce any documentation of any agreement which pertains to the conduct of this litigation, including without limit any joint defense agreements, agreement to share jury strikes, agreement to call or not call witnesses, or other agreement to cooperate in the litigation or trial of this matter.

59.     Produce any and all documents that you believe support, or that relate in any way to, any of the factual assertions, claims, or denials in your Answer filed herein.

60.     Provide a copy of your federal tax returns, including all attachments and schedules, for the years 2013 through the present.

61.     Produce all payroll records of Plaintiff from the date of hire until her separation from your company.

62.     Produce any and all business or personal documents received from or concerning Plaintiff.

63.     Produce all documents written or prepared by, or at the direction of, any of Plaintiff's supervisors during Plaintiff's employment which reflect such supervisors' daily activities, appointments, or factual observations, including without limit, their memos, reports, personal calendars, appointment books, notes, notebooks, journals and diaries, regardless of form or format.

64.     Produce all documents written or prepared by or at the direction of any of Plaintiff's supervisors during Plaintiff's employment which reflect any of Plaintiff's activities, appointments, or such. Supervisors' factual observations concerning plaintiff; including without limit, their memos, reports, personal calendars, appointment books, notes, notebooks, journals and diaries, regardless of form or format.

65.     Produce all job descriptions pertaining to any position held by Defendant Justin Magnuson at any time since his employment with you.

66.     Produce all performance evaluations which Justin Magnuson prepared regarding Plaintiff at any time since 2013.

67.     Produce all documents evidencing any communications, correspondence, agreements or documents regarding Plaintiff's employment.

68.     Produce copies of all police reports regarding any of the incidents or allegations in this lawsuit.

69.     Produce copies of any and all statements given by or on behalf of you or any of your agents, employees or representatives to any law enforcement agency regarding the facts or allegations involved in this lawsuit.

EXHIBIT 1

70.     Produce all documents consisting or evidencing any communication between Plaintiff and you or Plaintiff and Justin Magnuson, including without limit any such written communications, e-mails, text messages or instant messaging.

71.     Produce all documents consisting or evidencing any communications between Justin Magnuson and you, including without limit any such written communications, e-mails or instant messaging concerning Plaintiff and or the facts and circumstances that form the basis for this lawsuit.

72.     Produce all documents which reflect any complaint made about Justin Magnuson at any time.

73.     Produce any and all documents which establish or support any contention that Justin Magnuson is not a principle or vice principal of your company.

If you claim that Plaintiff will not incur future medical expenses as a result of the incidents in question, produce any and all documents that you contend support such claim.

74.     Produce each written or recorded statement, and all documentation of each non-written, non- recorded statement, made by Plaintiff or any employee or third party regarding this lawsuit or the facts and circumstances that form the basis for this lawsuit.

75.     Produce all photographs, videotapes, surveillance tapes, films, and other visual depictions of the alleged sexual assault.

Produce all photographs, videotapes, surveillance tapes, films, slides, and other visual depictions of Plaintiff in your possession, custody, or control.

76.     Produce all documents and records which constitute, document, refer to, or memorialize any contact or communication you or anyone working on your behalf has had with any of Plaintiff's other employers.

77.     Produce the business records which identify the individuals who had any supervisory authority over Plaintiff during her employment with you, or which set forth their positions, job titles, or general duties and responsibilities in such regard.

78.     Produce all documentation of any training, education, and testing that Justin Magnuson received – including training and evaluation from you or from any other source you are aware of or have any information about.

79.     Produce the records which document any discipline, censure, admonishment, training, re-training, evaluation, test, counseling, interview, or intervention which occurred in connection with or as a result of the incidents, acts or occurrences that give rise to this lawsuit.

80.     Produce all documentation which exists of every occasion within the term of Magnusson's employment wherein it was alleged that Justin Magnuson was involved in any misconduct or rule violation.

# EXHIBIT 1

81.     If any other claim or allegation (formal or informal, resulting in litigation or not) has ever been made that you or your employees, agents, or contractors, contributed to cause, or were otherwise responsible for, sexual assault, rape, or other sexual misconduct, then produce all notice letters, petitions, complaints, and other documents which contain or comprise any such claim or allegation.

82.     If any information or items responsive to any of the preceding requests for production exist or are stored in electronic or magnetic form – including without limit data stored on computers, telecommunication networks, disks, tapes and optical storage devices, and other machine-readable data – please produce such data on either on a thumb drive, CD-ROM or DVD disks in any standard and popular format, such as Microsoft Word, Word Perfect, Adobe; or ASCII text, labeled and organized so that such can be easily identified.

83.     Produce for inspection all computer equipment, including without limit all computers, hard drives, removable disks, storage, tapes, and other computer media, to which Justin Magnuson ever had access, and all information and files stored on any computer device to which Magnuson ever had access, and all backups and archives potentially containing such information or files concerning the Plaintiff or facts or circumstances that give rise to this lawsuit.

84.     Produce for inspection all cell phones, including so called "burner phones" in Justin Magnuson possession during his employment with Alliance Family of Companies.

85.     A copy of any credit card issued to Plaintiff or was issued to Plaintiff as an authorized user.

**EXHIBIT 2**

**CAUSE NO. DC-18-01162**

| | | |
|---|---|---|
| JAMISHA NEVAREZ | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | 192ND JUDICIAL DISTRICT |
| ALLIANCE FAMILY OF COMPANIES | § | |
| AND JUSTIN MAGNUSON | § | |
| | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, JUSTIN MAGNUSON

**TO: Defendant, Justin Magnuson, by and through its attorney of record, Michael Kelsheimer, Gray Reed & McGraw, 1601 Elm Street, Suite 4600, Dallas, Texas 75201.**

Please take notice that request is hereby made by Plaintiff pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant, Justin Magnuson, produce or permit the undersigned attorneys to inspect and copy or reproduce the items hereinafter designated on Exhibit "A" attached hereto.

Within 30 days after service of these Requests for Production, you must serve a written response to the undersigned attorneys at 4925 Greenville Avenue, Suite 715, Dallas, Texas 75206, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the

---

**EXHIBIT 2**

circumstances to do so before obtaining a ruling on the objection.

Respectfully submitted,

s/ MATTHEW R. MCCARLEY
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

John W. Raggio
Texas Bar No. 24041739
jraggio@fnlawfirm.com

**FEARS NACHAWATI, PLLC**
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Tel. (214) 890-0711
Fax (214) 890-0712

ATTORNEYS FOR PLAINTIFF,
JAMISHA NEVAREZ

## CERTIFICATE OF SERVICE

I certify that on May 25, 2018, a true and correct copy of foregoing was sent to the counsel of record via the Texas E-file system.

/s/ *Matthew R. McCarley*
Matthew R. McCarley

**EXHIBIT 2**

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "Defendant," "you" and "your" shall refer to Justin Magnuson, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Justin Magnuson, whether authorized to do so or not.

2.      "Plaintiff": The terms "Plaintiff" refers to JaMisha Nevarez.

3.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

4.      "Incident" means the alleged sexual assault of the Plaintiff.

5.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams;

# EXHIBIT 2

teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

5. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

6. Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time from Plaintiff's hire by your company up to and including the present date.

7. Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under the "Definitions" section above is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from the date of Justin Magnuson's application to become employed with Defendant Alliance Family of Companies through the date of production of documents requested herein.

**EXHIBIT 2**

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.     Produce for inspection all computer equipment, including without limit all computers, hard drives, removable disks, storage, tapes, and other computer media, to which you ever had access, and all information and files stored on any computer device to which you ever had access, and all backups and archives potentially containing such information or files concerning the Plaintiff or facts or circumstances that give rise to this lawsuit.

2.     Produce for inspection all cell phones, including so called "burner phones" in your possession during your employment with Alliance Family of Companies.

3.     All records and documents concerning or relating to the disposition, transfer, or whereabouts of any computer equipment to which you had access within the last five (5) years.

4.     All emails or other records of electronic communications from you to Plaintiff or from Plaintiff to you or any third-party and any of the following: Plaintiff; any person who ever accused Justin Magnuson of any sexual misconduct; any agent or employee of Defendant Alliance Family of Companies; or any witness herein concerning your sexual conduct and any sexual conduct with Plaintiff or any facts related to this lawsuit.  This request includes, without limit, such materials contained, stored, archived, or otherwise existing on computer servers, desktop computers, laptop computers, computer hard drives, floppy disks, optical storage devices, magnetic storage devices, backup storage devices and media, and in any other location or form.

5.      All records of and information pertaining to Internet usage or access by you (while employed by Defendant Alliance Family of Companies or using equipment owned or issued by Alliance Family of Companies), or the transmittal, retrieval, or access of any files or information via computer network by you (while employed by Alliance Family of Companies or using equipment owned by or issued by Alliance Family of Companies), including without limit such records and information contained, stored, archived, or otherwise existing on computer servers, desktop computers, laptop computers, computer hard drives, floppy disks, optical storage devices, magnetic storage devices, backup storage devices and media, and in any other location or form.

6.     Produce all telephone records in your custody, control or possession, from the date of hire of Plaintiff with Alliance Family of Companies to the present which reflect any telephone calls or text messages to and/or from Plaintiff.

7.     Produce all telephone records in your custody, control or possession, from the date of hire of Plaintiff with Alliance family of Companies to the present which reflect any telephone calls or text messages to and/or from a third party relating to the facts of this case.

---

EXHIBIT 2

8. All non-privileged, written statements made by you that pertain to this lawsuit in the possession, custody or control of you, your attorney or anyone acting on your behalf.

9. All oral statements made by you that pertain to this lawsuit which were either recorded or taped on an electronic device or recorder which are in the possession, custody or control of you, your attorney or anyone acting on your behalf.

10. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about allegations that you assaulted another person, which are in your possession, custody or control.

11. All documents in your possession evidencing correspondence and communication between you and Plaintiff.

12. Any non-privileged letters, correspondence or communication between you or your agents or employees and Defendant Alliance Family of Companies any allegation contained in this Lawsuit or concerning or supporting any defense or counterclaim that has been asserted by you or that will be asserted or raised.

13. All documents and things, to the extent not privileged, constituting or evidencing correspondence or communication of any type between you and any third party concerning in any way the events that form the basis of the lawsuit, defense or counterclaim, including, but not limited to copies of written correspondence, notes or memoranda made or oral correspondence, audio recordings of telephone and/or other conversations, and/or video recordings of conversations.

14. All video or audio recording of the incident forms the basis of this lawsuit.

15. All contracts and agreements between you and Defendant Alliance Family of Companies that are in your possession.

16. All telephone records in your possession reflecting your telephone activity, including telephone calls and text messages, from the 48 hours before and after the incident.

17. All photographs of Plaintiff in your possession.

18. All emails you have sent or received that reference or relate to the incident or events that are the basis of this lawsuit.

19. A copy of all credit cards issued in Plaintiff's name and/or where Plaintiff is an authorized user.

# EXHIBIT 3

## CAUSE NO. DC-18-01162

| | | |
|---|---|---|
| JAMISHA NEVAREZ | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | 192ND JUDICIAL DISTRICT |
| ALLIANCE FAMILY OF COMPANIES | § | |
| AND JUSTIN MAGNUSON | § | |
| | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ALLIANCE FAMILY OF COMPANIES

**TO:** **Defendant, Alliance Family of Companies, by and through its attorney of record, Michael Kelsheimer, Gray Reed & McGraw, 1601 Elm Street, Suite 4600, Dallas, Texas 75201.**

Please take notice that Plaintiff serves the attached Interrogatories pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure. You are hereby instructed to answer the following Interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within thirty (30) days after the service of these Interrogatories.

Respectfully submitted,

S/ MATTHEW R. MCCARLEY
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

John W. Raggio
Texas Bar No. 24041739
jraggio@fnlawfirm.com

**FEARS NACHAWATI, PLLC**
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206

---

**EXHIBIT 3**

Tel. (214) 890-0711
Fax (214) 890-0712

ATTORNEYS FOR PLAINTIFF,
JAMISHA NEVAREZ

## CERTIFICATE OF SERVICE

I certify that on May 25, 2018, a true and correct copy of foregoing was sent to the counsel of record via the Texas E-file system.

_/s/ Matthew R. McCarley_
Matthew R. McCarley

# EXHIBIT 3

## DEFINITIONS & INSTRUCTIONS

1. As used herein, the terms "AFC," "you" and "your" shall refer to Alliance Family of Companies Operations, Inc. Alliance Family of Companies Operations, Inc.'s attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Alliance Family of Companies Operations, Inc., whether authorized to do so or not.

2. Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time from January 1, 2013 up to and including the present date.

3. As used herein, the terms "AFC Premises" and "Magnuson's Home" shall refer to facilities owned by Alliance Family of Companies Operations, Inc. and Justin Magnuson which are the subject of this lawsuit.

4. As used herein, the term "Incident" shall refer to the circumstances surrounding the alleged sexual assault of JaMisha Nevarez committed by Justin Magnuson, which is the basis of this lawsuit.

5. As used herein, the term "Investigation" shall refer to the actions AFC took in response to the reports that JaMisha Nevarez was sexually assaulted by Justin Magnuson, including but not limited to any attempts by AFC to determine the validity of any aspect of the reports. The Investigation refers to AFC's investigation from the time of the first report until Justin Magnuson was allowed back to work on the AFC premises.

6. "Identify" or "Identification":

   (a) When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

   (b) When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

   (c) When used in reference to a document, "identify" or "identification" shall include statement of the following:

      (i) the title, heading, or caption, if any, of such document;

      (ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination

EXHIBIT 3

thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the person or persons answering, supplying information, or in any way assisting with preparation of the answers to these Interrogatories.

**INTERROGATORY NO. 2:** Describe, in summary, each action AFC took to initiate and complete its Investigation regarding the Incident by identifying the AFC employee who took each action or made each inquiry, and by stating the date and approximate time of each action or inquiry, the substance of each action or inquiry, and the result of each action or inquiry.

**INTERROGATORY NO. 3:** Identify what actions AFC took, if any, to avoid or prevent the Incident from occurring.

**INTERROGATORY NO. 4:** Please identify all security measures intended to protect AFC employees from injuries caused by intentional or negligent tortious actions of other AFC employees or third parties that were in place on the date of the Incident.

EXHIBIT 3

**INTERROGATORY NO. 5:** Please identify the training requirements imposed by AFC on its employees during 2015, 2016, and 2017 regarding sexual assault and/or sexual harassment, including the amount of training required per year, the method(s) of facilitating and completing the training, and state whether Justin Magnuson completed each requirement for 2017.

**INTERROGATORY NO. 6:** Please identify any complaints, including but not limited to sexual assault or sexual harassment, of any nature you have received from any employee or third-party concerning Justin Magnuson, including the date of the complaint, the substance of the complaint and the action(s) taken by AFC, if any, in response to the complaint.

**INTERROGATORY NO. 7:** Identify with card number, expiration and the name of the institution all credit cards you issued to Plaintiff, including cards where Plaintiff is an authorized user.

EXHIBIT 4

## CAUSE NO. DC-18-01162

| | | |
|---|---|---|
| JAMISHA NEVAREZ | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | 192ND JUDICIAL DISTRICT |
| ALLIANCE FAMILY OF COMPANIES | § | |
| AND JUSTIN MAGNUSON | § | |
| | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
### DEFENDANT JUSTIN MAGNUSON

**TO:  Defendant, Justin Magnuson, by and through its attorney of record, Michael Kelsheimer, Gray Reed & McGraw, 1601 Elm Street, Suite 4600, Dallas, Texas 75201.**

Please take notice that Plaintiff serves the attached Interrogatories pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure.  You are hereby instructed to answer the following Interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  The answers shall be served upon the undersigned counsel within thirty (30) days after the service of these Interrogatories.

Respectfully submitted,

S/ MATTHEW R. MCCARLEY
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

John W. Raggio
Texas Bar No. 24041739
jraggio@fnlawfirm.com

**FEARS NACHAWATI, PLLC**
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206

---

**EXHIBIT 4**

Tel. (214) 890-0711
Fax (214) 890-0712

ATTORNEYS FOR PLAINTIFF,
JAMISHA NEVAREZ

## CERTIFICATE OF SERVICE

I certify that on May 25, 2018, a true and correct copy of foregoing was sent to the counsel of record via the Texas E-file system.

/s/ *Matthew R. McCarley*
Matthew R. McCarley

**EXHIBIT 4**

## DEFINITIONS & INSTRUCTIONS

1.      As used herein, the terms "AFC," "you" and "your" shall refer to Justin Magnuson, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Justin Magnuson, whether authorized to do so or not.

2.      Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time from January 1, 2013 up to and including the present date.

3.      As used herein, the terms "AFC Premises" and "Magnuson's Home" shall refer to facilities owned by Alliance Family of Companies Operations, Inc. and Justin Magnuson which are the subject of this lawsuit.

4.      As used herein, the term "Incident" shall refer to the circumstances surrounding the alleged sexual assault of JaMisha Nevarez committed by Justin Magnuson, which is the basis of this lawsuit.

5.      As used herein, the term "Investigation" shall refer to the actions AFC took in response to the reports that JaMisha Nevarez was sexually assaulted by Justin Magnuson, including but not limited to any attempts by AFC to determine the validity of any aspect of the reports.  The Investigation refers to AFC's investigation from the time of the first report until Justin Magnuson was allowed back to work on the AFC premises.

6.      "Identify" or "Identification":

(a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

(ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any

EXHIBIT 4

claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please explain the reason(s) why you decided to consume alcohol on July 1 and July 2, 2017.

**INTERROGATORY NO. 2:** Describe, in summary each communication you had with any AFC employee or third-party concerning any facts of this case during the time between the Incident and the present, including identifying the AFC employee with whom you communicated, the approximate date and time of the communication and the substance of the communication.

**INTERROGATORY NO. 3:** List all individuals present at your home at the House Condos on July 1 and July 2, 2017.

**INTERROGATORY NO. 4:** Identify with card number, expiration and the name of the institution all credit cards you have jointly with Plaintiff or where Plaintiff is an authorized user.

**INTERROGATORY NO. 5:** Please describe all training you received from AFC regarding sexual harassment and sexual assault, by stating the nature of the training, the approximate dates, and the name of the AFC employee overseeing or leading the training.

## EXHIBIT 4

**INTERROGATORY NO. 6:** Please state whether you have ever been disciplined or reprimanded by AFC, if so, please describe the nature of each incident that led to the discipline and the result of the discipline.

**INTERROGATORY NO. 7:** Please state how many times that you have had intimate or sexual contact, with Plaintiff and if you claim the contact was consensual.

**EXHIBIT 4**

## <u>VERIFICATION</u>

STATE OF TEXAS     §
                         §

COUNTY OF _____ §

BEFORE ME, the undersigned authority, on this day personally appeared Justin Magnuson, the affiant, a person whose identity is known to me, who swore on oath that the following facts are true:

"I certify that the foregoing answers to Interrogatories are true and correct to the best of my knowledge."

_____
Justin Magnuson, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on the \_\_\_\_ day of _____, 2013, by Justin Magnuson.

_____
Notary Public in and for the State of Texas

**EXHIBIT 5**

**CAUSE NO. DC-18-01162**

| | | |
|---|---|---|
| JAMISHA NEVAREZ | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | 192ND JUDICIAL DISTRICT |
| ALLIANCE FAMILY OF COMPANIES | § | |
| AND JUSTIN MAGNUSON | § | |
| | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT ALLIANCE FAMILY OF COMPANIES

**TO:** Defendant, Alliance Family of Companies, by and through its attorney of record, Michael Kelsheimer, Gray Reed & McGraw, 1601 Elm Street, Suite 4600, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days of service of this request, the information or material as set forth below in Exhibit A. A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorneys. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

**EXHIBIT 5**

Respectfully submitted,

S/ MATTHEW R. MCCARLEY
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

John W. Raggio
Texas Bar No. 24041739
jraggio@fnlawfirm.com

**FEARS NACHAWATI, PLLC**
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Tel. (214) 890-0711
Fax (214) 890-0712

ATTORNEYS FOR PLAINTIFF,
JAMISHA NEVAREZ

## CERTIFICATE OF SERVICE

I certify that on May 24, 2018, a true and correct copy of foregoing was sent to the counsel of record via the Texas E-file system.

/s/ *Matthew R. McCarley*
Matthew R. McCarley

---

**EXHIBIT 6**

## CAUSE NO. DC-18-01162

| | | |
|---|---|---|
| JAMISHA NEVAREZ | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | 192ND JUDICIAL DISTRICT |
| ALLIANCE FAMILY OF COMPANIES | § | |
| AND JUSTIN MAGNUSON | § | |
| | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO
## <u>DEFENDANT JUSTIN MAGNUSON</u>

**TO: Defendant, Justin Magnuson, by and through its attorney of record, Michael Kelsheimer, Gray Reed & McGraw, 1601 Elm Street, Suite 4600, Dallas, Texas 75201.**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days of service of this request, the information or material as set forth below in Exhibit A. A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorneys. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

EXHIBIT 6

Respectfully submitted,

S/ MATTHEW R. MCCARLEY
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

John W. Raggio
Texas Bar No. 24041739
jraggio@fnlawfirm.com

**FEARS NACHAWATI, PLLC**
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Tel. (214) 890-0711
Fax (214) 890-0712

ATTORNEYS FOR PLAINTIFF,
JAMISHA NEVAREZ

## CERTIFICATE OF SERVICE

I certify that on May 24, 2018, a true and correct copy of foregoing was sent to the counsel of record via the Texas E-file system.

/s/ *Matthew R. McCarley*
Matthew R. McCarley